# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LUIS CANDELARIO,
       Plaintiff,

v.                                         Case No. 6:20-cv-2373-JA-LRH

USAA CASUALTY INSURANCE
COMPANY,
       Defendant.

## ORDER

This case is before the Court on Plaintiff Luis Candelario's Motion for Remand (Doc. 14).[1] Because the jurisdictional requirements are not satisfied, Candelario's motion must be granted.

## I. Background

Candelario filed this action in state court against his insurance company, Defendant USAA Casualty Insurance Company. (Compl., Doc. 1-1 at 2). Candelario sought redress related to an auto accident allegedly caused by the negligence of an uninsured/underinsured driver. (Id. at 3). At the time of the accident, Candelario was insured under an automobile policy issued by USAA with underinsured motorist coverage. (Id. at 4). However, he alleged in his complaint that USAA "unjustifiably refused to honor its contractual obligations

---

[1] Defendant USAA Casualty Insurance Company filed a Response in Opposition to Plaintiff's Motion to Remand (Doc. 15).

by denying coverage . . . and failing to pay the uninsured/underinsured motorist benefits owed to [him]." (Id.). He further sought to hold USAA liable for violations of § 624.155, Florida Statutes, for failing to settle the claim in good faith. (Id. at 5).

USAA timely removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, Doc. 1). Candelario then filed his motion to remand, contesting diversity jurisdiction. He does not dispute that the parties are of diverse citizenship. Instead, he asserts that USAA has not met its burden of proving that the amount in controversy exceeds $75,000, as required for this Court to have subject-matter jurisdiction over this case.

## II. Discussion

A defendant may remove an action from state court to federal court if the federal court has original jurisdiction over the case, 28 U.S.C. § 1441(a), such as under the court's § 1332 diversity jurisdiction. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ." 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing by a preponderance of the evidence that jurisdiction exists. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Here, Candelario's initial pleading in state court merely stated that his damages exceed the jurisdictional threshold for that court—$30,000. (Doc. 1-1 at 2). USAA's notice of removal asserts that the actual amount in controversy exceeds $75,000 based on Candelario's pre-suit demand letter and Civil Remedy Notice. But the Court concludes that these documents do not establish that the requisite amount in controversy is met.

The pre-suit demand letter put forth by USAA describes Candelario's injuries to his back and neck, as well as past medical tests and treatments costing $12,968.73.[2] (Doc. 1-5 at 3-4). Although the letter asserts that Candelario has reached "maximum medical improvement," (id. at 3), it also asserts that he will likely require future medical treatment to "mitigate his injuries," (id. at 4). The letter does not provide estimated costs or a description of the potential future medical treatments. It also does not mention lost wages or other economic damages. But the letter goes on to state that, if USAA does not agree to settle the claims, Candelario will seek over $2,000,000 in non-economic damages for past and future pain and suffering. And in the next section, the letter offers to settle the claim for $50,000—the amount of Candelario's policy limits.

---

[2] USAA's response to the motion contends that the pre-suit demand letter listed $46,888.73 in past medical expenses. (Doc. 15 at 4). USAA is incorrect. It appears USAA erroneously added the $12,968.73 past medical expenses and the $33,920 estimated past pain and suffering.

While settlement demand letters "do not automatically establish the amount in controversy for purposes of diversity jurisdiction," courts "analyze[ ] whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'" Lamb v. State Farm Fire Mut. Auto Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 U.S. Dist. LEXIS 143298, at *5, *8 (M.D. Fla. November 5, 2010). While the threat of a $2,000,000 damages claim is clear puffery in this case, the offer to settle for $50,000 seems less so. "The letter is evidence of [the plaintiff's] view of the amount in controversy, and that view is relevant in deciding the Motion to Remand." Mick v. De Vilbiss Air Power Co., No. 6:10-cv-1390-Orl-28GJK, 2010 U.S. Dist. LEXIS 136246, at *6 (M.D. Fla. Nov. 14, 2010). However, given that the settlement offer equals two-thirds of the requisite amount in controversy and, even then, is built on a vague and speculative foundation, the letter does not support USAA's argument that the amount in controversy exceeds $75,000.

The Civil Remedy Notice (Doc. 1-6) provided by USAA is equally unhelpful. This document echoes the pre-suit demand letter in its injury description and claim for the policy limits. The high level of uncertainty regarding the amount in controversy must therefore be resolved in favor of remand. See City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) ("Indeed, all doubts about jurisdiction should be resolved in

4

favor of remand to state court." (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999))).

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** as follows:

1. Plaintiff's Motion for Remand (Doc. 14) is **GRANTED**.

2. This case is hereby **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2020-CA-9333-O.

3. After remand of the case, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida, on February 5, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

5